IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY WYNKOOP, individually and on behalf of his minor children J.W. and G.W., | : : : |
| Plaintiff, | : : |
| v. | :  Civil Action No. 2:22-cv-814 |
| AVONWORTH SCHOOL DISTRICT, DR. JEFF HADLEY, YU-LING CHENG-BEHR, KRISTIN THOMPASON, BEAU BLASER, JOHN BRANDT, VICKI CARLSON, DANIELLE WHITE, KATHRYN MONTI, PATRICK STEWART, AMY TOKAR, and SANDRA BOLAIN, | : : : : : : : : : |
| Defendants | : |

**PLAINTIFF'S UNOPPOSED PETITION FOR SETTLEMENT APPROVAL PURSUANT TO LCvR 17.1**

NOW COMES Plaintiff, Harry Wynkoop, by and through his attorneys, Schnee Legal Services, who files this Petition for Settlement Approval, pursuant to Local Civil Rule 17.1 based upon the following.

1. At the time of the filing of the Complaint, Plaintiff's children, J.W. and G.W. were minors.

2. G.W. reached the age of majority on July 29, 2023.

3. J.W. remains a minor.

4. Harry Wynkoop is J.W.'s father and guardian.

5. This action originally consisted of three counts. Under Count I based on a claim of First Amendment Retaliation pursuant to 42 U.S.C. § 1983, Plaintiffs asserted that in response to Harry Wynkoop's exercise of free speech, Avonworth School District (hereinafter "the District")

and the individually named Defendants engaged in a policy, practice or custom of retaliation against Plaintiffs by: 1) repeatedly refusing to honor medical exemptions from the District's masking requirements for J.W. and G.W., despite medical evidence supporting such exemptions; 2) segregating J.W. to online learning; 3) failing to provide J.W. with a tutor while providing other similarly situated individuals with tutoring; 4) demanding that Harry Wynkoop disenroll both J.W. and G.W. from the District in November of 2021 without any evidence; 5) publicly disseminating personally identifiable information of J.W. and G.W.; and 6) selectively investigating the residency of Harry Wynkoop's minor children.  As to Count I, Plaintiffs sought compensatory damages, punitive damages, liquidated damages, and reasonable attorney's fees and court costs from the District and the individually named Defendants.  Harry Wynkoop also sought to recover attorney's fees and costs incurred in having to participate in a residency hearing conducted by the District, and for the subsequent appeals taken to the Court of Common Pleas of Allegheny County, and to PA Commonwealth Court and PA Supreme Court.

6.     Pursuant to a Rule 12(b)(6) Motion to Dismiss filed by Defendants, the Court dismissed the claims in Count I against the individually named Defendants in their individual capacities.  The Court also dismissed all claims asserted on behalf of G.W. in Count I, other than that the claim that G.W.'S personal information was made public.  The Court also dismissed the claim of J.W. related to her disenrollment from the District.  Finally, the Court dismissed the punitive damages claim against the District and liquidated damages claim against the District and the individually named DEFENDANTS under Count I (ECF No. 26).

7.     Count II of the Complaint (based on a claim of Discrimination on the Basis of Disability in Violation of the ADA) was dismissed in its entirety.  *Id*.

8.     Under Count III, Plaintiffs asserted a claim of Retaliation pursuant to Section 504 of the Rehabilitation Act and the ADA on the same bases asserted under Count I. Plaintiffs sought compensatory damages, punitive damages, liquidated damages, and reasonable attorney's fees and court costs from the District.

9.     The Court dismissed the claims in Count III against the individually named Defendants in their individual capacities. The Court also dismissed all claims asserted on behalf of G.W. in Count III, other than the claim that G.W.'S personal information was made public. The Court also dismissed the claim of J.W. in Count III related to her disenrollment from the District. Finally, the Court dismissed the punitive damages claim against the District and liquidated damages claim against the District and the individually named Defendants under Count III.

10.    J.W. has suffered no physical, economic or property damages.

11.    The parties have reached a settlement as to Plaintiff's remaining claims as follows:

Settlement Payment – In consideration for and commensurate with the execution of a written release and settlement agreement, the District's insurance carrier, Utica National Insurance Group, shall issue payment to the Plaintiff's attorney totaling the sum of FIFTY THOUSAND and 00/100 DOLLARS ($50,000.00). The settlement check shall be made payable to, "Schnee Legal Services, Attorneys for Harry Wynkoop, Gavin Wynkoop and J.W., a Minor". Schnee Legal Services shall deposit the settlement check into the law firm's IOLTA account, and shall subsequently distribute the settlement proceeds in the following specific amounts:

a. Attorney's Fees – Payment for all outstanding attorney's fees and costs incurred by the Plaintiffs in the amount of SIX THOUSAND and 00/100 DOLLARS ($6,000.00) shall be made from the law firm's IOLTA account to the law firm's operating account.

b. Payment to Plaintiffs – The remaining FORTY-FOUR THOUSAND and 00/100 Dollars ($44,000.00) shall be paid from the law firm's IOLTA account in equal amounts of TWENTY-TWO THOUSAND and 00/100 DOLLARS ($22,000.00), to Harry Wynkoop and to G.W., representing settlement of all individual claims alleged by the Plaintiffs in their lawsuit against Defendants. No other monetary damages shall be owed.

Harry Wynkoop shall deposit his portion of the remaining settlement proceeds in a bank account for the benefit of J.W. Harry Wynkoop may invest funds exclusively for the benefit of J.W. Such funds may be used for J.W.'s education, medical care,

housing, clothing, transportation, personal needs, and any other uses that in the reasonable judgment of Harry Wynkoop are in J.W.'s best interests.

12. The parties wish to avoid new litigation costs.

13. This petition is unopposed.

14. It is agreed that this settlement is in the best interest of the parties.

WHEREFORE Plaintiff respectfully requests that this Petition be approved.

                    Respectfully submitted,

                    **SCHNEE LEGAL SERVICES**

By   _____
     J. Chadwick Schnee, Esq.
     PA ID 306907
     Schnee Legal Services, LLC
     74 E. Main Street, #648
     Lititz, PA  17543
     (717) 400-5955 (phone)
     chadwick@schneelegal.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 6, 2024, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic case filing system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.

                /s/ J. Chadwick Schnee
                J. Chadwick Schnee